UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
07/21/2021
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| DANIEL M. LUCEY, COLLEEN S. LUCEY, ABEL L. LUCEY, and ASHLEY LUCEY,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOL PENNSYLVANIA COAL COMPANY, LLC, a Delaware limited liability company; and CONSOL THERMAL HOLDINGS, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.  **5:21-CV-122 (Bailey)**<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiffs DANIEL M. LUCEY, COLLEEN S. LUCEY, ABEL L. LUCEY, and ASHLEY LUCEY, hereby complain and allege against Defendants CONSOL PENNSYLVANIA COAL COMPANY, LLC, a Delaware limited liability company; and CONSOL THERMAL HOLDINGS, LLC, a Delaware limited liability company, as follows:

### PARTIES

1. Plaintiffs Daniel M. Lucey and Colleen S. Lucey, at all material times mentioned herein, are and were adult individuals residing at 828 Rancher Dr., Cameron, West Virginia 26033.

2. Plaintiffs Abel L. Lucey and Ashley Lucey, at all material times mentioned herein, are and were adult individuals residing at 2140 Poplar Springs Rd., Cameron, West Virginia 26033.

1

3. Upon information and belief, Defendant Consol Pennsylvania Coal Company, LLC ("Consol Coal"), at all material times mentioned herein, is and was a Delaware limited liability company regularly doing business in the State of West Virginia, with its principal place of business located at CNX Center, 1000 Consol Energy Drive., Suite 100, Canonsburg, PA 14317.

4. Upon information and belief, Defendant Consol Thermal Holdings, LLC ("Consol Thermal"), at all material times mentioned herein, is and was a Delaware limited liability company regularly doing business in the State of West Virginia, with its principal place of business located at CNX Center, 1000 Consol Energy Drive., Suite 100, Canonsburg, PA 14317.

5. Upon information and belief, Consol Coal and Consol Thermal, are closely interrelated business entities which share office space, corporate office holders and/or board members, and business interests. Upon information and belief, Consol Coal and Consol Thermal (together, "Consol" or "Defendants"), conducted business in the State of West Virginia, acting in their individual corporate capacities as well as by and through their unincorporated divisions and departments, their corporate parents, subsidiaries and/or other affiliates, their alter ego corporations and other entities, their predecessors and/or their successors.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. Plaintiffs are citizens of West Virginia. Upon information and belief, Consol Coal and Consol Thermal are limited liability companies registered in Delaware, with their principal place of business in Pennsylvania.

7. This Court has personal jurisdiction over Defendants because they conduct substantial business in the District, the property at issue in this action is located in this District, the

contracts at issue were executed in the District, and the actions and/or omissions giving rise to the Complaint took place in this District.

8. This Court has specific personal jurisdiction over Defendants because they maintain minimum contacts with this judicial district and this State. Defendants are subject to specific jurisdiction because they have purposely availed themselves of the West Virginia forum and West Virginia law and the claims in this action arise out of Defendants' activities in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated in this District, this District is where the contracts at issue were executed, this District was the place of performance and breach, and a substantial part of the events and/or omissions giving rise to Plaintiffs' claims occurred in the District.

## FACTUAL ALLEGATIONS

10. In March 2020, Consol entered into an Agreement Collateral to Waiver and Release with Plaintiffs (the "Contract," a true and correct copy of which is attached hereto as **Exhibit A**).

11. Pursuant to the Contract, Consol agreed to "construct any road along the approximate route… in accordance with the following specifications" (the "Subject Road"):

> (a) Topsoil will be removed and stockpiled in the vicinity of the road within the Permit boundary of Releasee's 10-J#1 Degas Borehole.
>
> (b) Standard road-matting/filter fabric will be placed along the roadway.
>
> (c) Ten inches of #4 stone will be spread and rolled upon the matting as a roadway based.
>
> (d) Four inches of #2 crusher-run stone shall be spread and rolled as a surface finish.

> (e) At the stream crossings…[Consol] will install an ADM Welding and Fabrication Modular Temporary Bridge.

Exhibit A, ¶ 2 at p. 1-2.

12. Pursuant to the express terms of the Contract, Consol further agreed that:

> [Consol] shall maintain the road for so long as [Consol] makes use of the road, excepting only any unreasonable damage to the road caused by [Plaintiffs]… . At the time that [Consol] plugs and reclaims any Borehole facility, and subject to the approval of regulatory authorities, [Consol] may choose to retain the pad site and roadway upon executing any required regulatory consents, waivers of other forms.

*Id.*, ¶ 3 at p. 2.

13. Under the Contract, Consol is required to "reclaim any disturbed land in accordance with applicable environmental standards." *Id.*, at ¶ 5.

14. The Contract also requires that "[t]he work and services…shall be completed in a workmanlike fashion, the sufficiency of which shall be subject to the approval of [Plaintiffs]… ." *Id.*

15. The Contract provides that it "shall be governed and construed in accordance with the laws of the State of West Virginia." *Id.* at ¶ 8.

16. Consol carried out work on Plaintiffs' property that was not conducted in a workmanlike fashion, which caused dangerous conditions on the property, including but not limited to, land slippage, destabilization of the earth, and damage to the Subject Road, in or about March 2021. Attached hereto as **Exhibit B** are true and correct copies of photographs of the land slippage caused by Consol from in or about March 2021.

17. In or about March 2021, Plaintiff Abel Lucey informed Consol of the land slippage caused by Consol, and requested that Consol repair and stabilize the Subject Road and surrounding area.

18. Consol repeatedly represented to Plaintiff Abel Lucey that Consol would repair and stabilize the slip, including but not limited to, the Subject Road and surrounding area.

19. In or about late March 2021, Consol's Senior Land Agent Scott Whipkey represented to Plaintiff Abel Lucey that Consol would repair and stabilize the slip in late March.

20. On April 2, 2021, Scott Whipkey represented to Plaintiff Abel Lucey via text message that Consol was unable to repair the land slip due to weather, but would repair the land slip "[h]opefully next week since the weather is going to be better."

21. Consol never repaired or stabilized the land slip and the Subject Road as Consol represented.

22. Consol failed to reclaim the disturbed land in accordance with applicable environmental standards.

23. In addition, Consol failed to construct the Subject Road as expressly required under the Contract. Consol failed to "spread and roll[] as a surface finish" ten inches of #4 stone and four inches of #2 crusher-run stone, pursuant to Section 2(c)-(d) of the Contract.

24. Consol also failed to install an ADM Welding and Fabrication Modular Temporary Bridge, pursuant to the specifications agreed to by the Parties. Consol falsely represented to Plaintiffs that a steel bridge would be installed as agreed to by the Parties, but Consol failed to do so.

25. To date, Consol has failed to abide by its contractual obligations as set forth above.

26. Despite Consol's failure to complete its contractual obligations, in or about July 2021, Consol informed Plaintiffs that they would be entering onto Plaintiffs' property to plug and reclaim the 10-J#1 Degas Borehole (the "Borehole").

27. Upon information and belief, Consol seeks to plug the Borehole in an attempt to evade its express obligations under the Contract.

## COUNT I

## BREACH OF CONTRACT

28. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

29. As set forth above, Consol entered into a valid and binding Contract with Plaintiffs.

30. Plaintiffs substantially performed all obligations required of them under the Contract.

31. As detailed above, Defendants violated and breached their contractual duties pursuant to the express terms of the Contract.

32. As a direct and proximate result of Defendants' breaches, Plaintiffs have been damaged in an amount to be determined at trial.

33. As a result of Defendants' wrongful conduct, Plaintiffs have suffered pecuniary harm, and further special, consequential, incidental, and compensatory damages. As a result, Defendants are liable to Plaintiffs for their losses in an amount to be determined at trial.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, and each of them, for compensatory, special, consequential, and incidental damages in an amount to be determined at trial, together with appropriate injunctive relief, fees, costs, interest, and any other remedies the Court deems just and proper.

## COUNT II

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

34.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

35.     As set forth above, Consol entered into a valid and binding Contract with Plaintiff.

36.     Consol owed a duty to Plaintiffs to act in good faith in performance of the Contract.

37.     Defendants breached this duty of good faith and fair dealing by, without limitation, attempting to evade their express obligations under the Contract by plugging the Borehole before completing their contractual obligations, making false representations to Plaintiffs regarding the work and service to be performed pursuant to the Contract, making repeated assurances of Consol's performance when in fact, Consol had no intention of performing its obligations under the Contract, failing to make a good faith effort to abide by its contractual obligations, and acting maliciously and solely for Defendants' own benefit and in reckless disregard of Plaintiffs' rights and interests.

38.     Plaintiffs justifiably relied on Consol's representations and assurances to their detriment, and have suffered damages from Consol's wrongful conduct.

39.     As a result of Consol's wrongful conduct, Plaintiffs have suffered pecuniary harm, and further special, consequential, incidental, and compensatory damages. As a result, Defendants are liable to Plaintiffs for their losses in an amount to be determined at trial.

40.     In doing the acts herein alleged, Consol acted fraudulently, willfully, maliciously, and with callous disregard of Plaintiffs' rights and interest in Plaintiffs' property, subjecting Defendants to punitive damages, according to proof at trial.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, and each of them, for compensatory, special, consequential, incidental, and punitive damages, in an amount to be determined at trial, together with appropriate injunctive relief, fees, costs, interest, and any other remedies the Court deems just and proper.

## COUNT III

## FRAUDULENT MISREPRESENTATION

41. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

42. Consol, as detailed above, intentionally made fraudulent representations to Plaintiffs, including without limitation, falsely misrepresenting Consol's intent to repair and stabilize the land slippage and Consol's installation of a bridge pursuant to the specifications agreed to by the Parties—which are material and false facts.

43. Defendants' conduct was designed to mislead Plaintiffs so that Defendants could deprive Plaintiffs of the benefits expressly owed to Plaintiffs under the Contract.

44. Plaintiffs were directly, proximately and foreseeably damaged by Defendants' intentional misconduct in that they were denied the benefits required under the Contract.

45. Defendants' conduct was, and continues to be intentional, willful, wanton, malicious, grossly negligent, and with reckless disregard to Plaintiffs' rights.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, and each of them, for compensatory, special, consequential, incidental, and punitive damages, in an amount to be determined at trial, together with appropriate injunctive relief, fees, costs, interest, and any other remedies the Court deems just and proper.

## COUNT IV

## DECLARATORY JUDGMENT

46. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

47. The Uniform Declaratory Judgments Act grants the Court the "power to declare rights, status, and other legal relations" and "such declarations shall have the force and effect of a final judgement or decree." W. Va. Code § 55-13-1; *see also* 28 U.S. § 2201(a).

48. There is an actual, justiciable controversy between the parties regarding their rights, duties, and obligations under the Agreement Collateral to Waiver and Release.

49. As detailed above, Consol has indicated its intent to plug the Borehole prior to Consol's completion of the express requirements under the Agreement Collateral to Waiver and Release.

50. Plaintiffs seek a declaration of the parties' rights as to the Agreement Collateral to Waiver and Release. Plaintiffs request that this Court issue a declaratory judgment holding that, pursuant to the terms of the Agreement Collateral to Waiver and Release, Defendants are required to complete their contractual obligations regardless of whether Consol plugs the Borehole.

WHEREFORE, Plaintiffs request that the Court enter a declaratory judgment in favor of Plaintiffs and against Defendants declaring that, under the Agreement Collateral to Waiver and Release, Consol is required to complete its contractual requirements regardless of whether Consol plugs the Borehole.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

a. For compensatory damages, the exact amount to be determined at trial.

b. For special damages, according to proof;

c. For general damages, the exact amount to be determined at trial;

d. For punitive damages according to proof in an amount to be determined by this Court and sufficient to punish Defendants and deter them and others from similar wrongful conduct;

e. For injunctive relief;

f. For a declaratory judgement in favor of Plaintiffs and against Defendants;

g. For attorney's fees and costs of suit incurred in connection with this action;

h. For all other equitable relief;

i. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: July 21, 2021

\_\_\_/s/ David C. Hook_____
David C. Hook (WV I.D. No. 10490)
Phillip C. Hook (*Pro hac vice forthcoming*)
Joy D. Llaguno (*Pro hac vice forthcoming*)
**HOOK & HOOK PLLC**
430 East Oakview Drive, Suite 101
Waynesburg, PA 15370
Phone: 724-802-7144
Fax:    724-802-7959
Email: dhook@hooklaw.com
           phook@hooklaw.com
           jllaguno@hooklaw.com

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all claims and causes of action for which a right to trial by jury exists.

Respectfully submitted,

Date: July 21, 2021

       /s/ David C. Hook
David C. Hook (WV I.D. No. 10490)
Phillip C. Hook (*Pro hac vice forthcoming*)
Joy D. Llaguno (*Pro hac vice forthcoming*)
**HOOK & HOOK PLLC**
430 East Oakview Drive, Suite 101
Waynesburg, PA 15370
Phone: 724-802-7144
Fax:    724-802-7959
Email: dhook@hooklaw.com
       phook@hooklaw.com
       jllaguno@hooklaw.com